ADDISON *v*. THE STATE.

No. 14945.　SEPTEMBER 8, 1944.

*P. Z. Geer,* for plaintiff in error.

*T. Grady Head, attorney-general, R. A. Patterson, solicitor-general, Victor Davidson, assistant attorney-general,* and *Hooper & Miller,* contra.

JENKINS, Presiding Justice. 1. "Rape is the carnal knowledge of a female, forcibly and against her will." Code, § 26-1301. "It shall be unlawful for any person to have sexual or carnal intercourse with any female child under the age of 14 years, unless such person shall have previously become lawfully married to such female child." § 26-1303. "Any person who shall violate the provisions of section 26-1303 shall be guilty of rape." § 26-1304. "In rape there must be a penetration of the female organ of generation by the male organ of generation; that penetration may be slight or great, but there must be some penetration of the female organ by the male organ in order to consummate a rape." *Fouts* v. *State,* 175 *Ga.* 71 (2) (165 S. E. 78). See also *Ravenel* v. *State,* 153 *Ga.* 130 (2) (111 S. E. 643). Proof that

the vagina was entered is not essential to a conviction of rape, but proof that the vulva was entered is sufficient to show penetration, although the vagina be intact and not penetrated in the least. *Morris* v. *State,* 54 *Ga.* 440. It appearing without dispute that the victim was eight years of age, and therefore under the age of consent, and she having testified to a penetration by the defendant, which he did not refer to in his statement, and the examining physician having testified that he found evidences of a penetration, which, while not going through the hymen, did go through the "lips and vulva and in the vagina," and that he found bruised tissue and some blood shortly after the alleged offense, the undisputed evidence amply authorized the verdict of guilty. Therefore no error appears in refusing a new trial on the general grounds.

2. The defendant assigns error on the following excerpt from the charge: "I charge you gentlemen, that if the evidence in this case satisfies your minds of the guilt of the defendant of the offense of rape, as charged and alleged in said bill of indictment, then the State's case therefor would be made out and it would be your duty to convict the defendant thereof. Otherwise not." The exception is that the court incorrectly stated the law, in failing to incorporate in this excerpt the requirement that the evidence must have been sufficient to satisfy the mind and conscience of the jury of the guilt of the accused "beyond a reasonable doubt," thereby imposing a lesser burden upon the State than the law required, as the jury would thereby be permitted to find the defendant guilty merely upon their being "satisfied" of his guilt. The defendant further complains of this excerpt in that, since the court previously correctly charged the jury as to the degree and amount of proof necessary to convict, but not in immediate connection therewith, the effect of the latter instruction was to neutralize the preceding correct instruction and to withdraw the same from the consideration of the jury; and since the latter instruction was not corrected, the two together were inconsistent and confusing. After having charged completely and correctly that the burden of proof rested upon the State to show the defendant's guilt beyond a reasonable doubt, the court later gave the following additional instruction: "I charge you further, gentlemen, that where a defendant has been placed on trial charged with a crime, he is entitled to the benefit of every reasonable

doubt in each and every phase of his case, whether he be guilty of the higher grade, as charged in the bill of indictment, or the lower grade falling thereunder, or whether he be guilty of anything. If the jury believes the defendant guilty of some grade, and they are in doubt whether it be of the higher or lower grade involved, it then becomes the jury's duty to resolve that doubt in the defendant's favor and convict the defendant of the lower grade; but if the jury does not believe the defendant is guilty of any offense of anything, or have a reasonable doubt about it, it becomes the jury's duty to resolve that doubt in the defendant's favor and acquit him. *I charge you gentlemen, that, if the evidence in this case satisfies your mind of the guilt of the defendant of the offense of rape, as charged and alleged in the said bill of indictment, then the State's case, therefore, would be made out and it would be your duty to convict the defendant thereof, otherwise not.* On the contrary, if you have any reasonable doubt as to the defendant's guilt, then it becomes your duty to resolve that doubt in the defendant's favor and find the defendant not guilty." The excerpt complained of is italicized. Thus it will be seen that the court not only fully and correctly instructed the jury on the necessity of being convinced beyond a reasonable doubt before they could find the defendant guilty, but immediately before the excerpt complained of instructed them that the defendant was to be given the benefit of the reasonable-doubt rule as to every phase of the case and that, if they had a reasonable doubt about his guilt, it was their duty to acquit him; and immediately following the excerpt complained of, the court again told the jury that if they had any reasonable doubt as to the defendant's guilt, it was their duty to find him not guilty. We do not see how the jury could have possibly misunderstood or been confused by this instruction. Accordingly, we find no error in this charge, and the judgment of the trial judge overruling the motion for new trial must be

*Affirmed. All the Justices concur.*