## 28566. PAYNE v. THE STATE.

MOBLEY, Chief Justice. Thomas Robert Payne, Jr., was tried on three counts of rape. He was convicted of one offense, and sentenced to two years in prison. He appeals from his conviction and sentence and the denial of his motion for new trial.

1. The first error enumerated is that the court illegally failed to instruct the jury on the lesser included offense of attempted rape. Code Ann. § 26-1303 (Ga. L. 1968, pp. 1249, 1281) provides that: "A person may be convicted on an assault with intent to commit a crime if the crime intended was actually committed as a result of the assault . . ." While this statute authorizes the conviction of a lesser crime on evidence of the completed crime, this court has held that where the evidence shows the completed crime it is not error to fail to charge on a lessor included crime. *Smith v. State,* 228 Ga. 293 (1), 294 (185 SE2d 381); *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179); *Ward v. State,* 231 Ga. 484.

In a rape case, penetration may be proved by indirect or circumstantial evidence. *Haden v. State,* 176 Ga. 304 (168 SE 272); *Holmes v. State,* 194 Ga. 849, 853 (22 SE2d 808).

"Under the established rule in this State, the penetration of the female sexual organ by the sexual organ of the male, which is necessary to constitute rape, need be only slight; it is not necessary that the vagina shall be entered or the hymen ruptured, but an entering of the anterior of the organ, known as the vulva or labia, is sufficient." *Lee v. State,* 197 Ga. 123 (1) (28 SE2d 465). See *Morris v. State,* 54 Ga. 440; *Addison v. State,* 198 Ga. 249 (31 SE2d 393); *Dean v. State,* 204 Ga. 759 (51 SE2d 840); *Bonner v. State,* 206 Ga. 19 (1) (55 SE2d 587).

In the present case the testimony of the victim, considered with the testimony of the medical doctor, who examined her immediately after the attack on her, as to the nature of the injuries she received, established that the offense committed was rape, and not attempted rape. The trial judge did not err in failing to instruct on the lesser included offense of attempted rape.

2. The second enumerated error is that the failure to adequately instruct the jury on the evidence of alibi violated the appellant's right to an "impartial trial" as provided under the Sixth Amendment of the United States Constitution, and violated the appellant's right to due process under the State and Federal Constitutions.

The trial court charged the jury as follows: "Within the meaning of Georgia law alibi involves a denial of guilt and the impossibility of an accused's presence at the scene of one or more of the offenses at the time of the commission of that offense or offenses as the case might be. Evidence as to alibi should be considered by you, the jury, in connection with all the other evidence in the case. If on considering the evidence as a whole you should entertain a reasonable doubt as to the guilt of the accused as to one or more of the offenses charged in the counts of the indictment, then it would be your duty to acquit him of the charge as contained in that count or counts as the case might be."

It is argued by counsel for the appellant that this charge directed the jury to consider alibi evidence against "the evidence as a whole," and did not precisely instruct the jury that even should all other evidence in the case convince them beyond a reasonable doubt that the appellant was guilty of the crime charged, that they must acquit him if they were unable to find beyond a reasonable doubt that the accused was actually present at the scene of the crime at the time of its commission.

The charge on alibi is in accord with the unanimous decision of this court in *Paschal v. State,* 230 Ga. 859 (2) (199 SE2d 803). There is no merit in this enumerated error.

3. The appellant contends that it was error to deny the general grounds of his motion for new trial. The evidence was sufficient to support the verdict, and there is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

Argued January 17, 1974 — Decided February 18, 1974.

*Howard Moore, Jr., Donald Edwards, John R. Myer,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, James H. Mobley, Jr., Thomas W. Hayes,* for appellee.