28325. SINKFIELD v. THE STATE.

GUNTER, Justice. This is an appeal from two convictions for rape and one conviction for child molestation. The jury imposed life sentences on the rape charges and twenty years on the molestation charge.

The crimes occurred in a wooded area where appellant's vehicle got stuck in the mud. The three victims led police to the scene. Before the arrival of the police the appellant had taken a tow-truck and driver to the scene, presumably for the purpose of unsticking the vehicle. As the police were approaching, the appellant jumped from the truck and ran into the woods. The tow-truck driver identified the appellant in court. Also, two of the victims had taken the keys to the car that was stuck in the mud as they escaped from the scene. They gave the keys to police; the keys were to the vehicle stuck in the mud; and the vehicle was registered to appellant.

The appellant has enumerated five errors in this court, all of which are without merit, and the judgments below must be affirmed.

1. The first enumerated error makes objection to certain admitted testimony concerning a pretrial "photographic lineup." The transcript shows that no objection was made when this testimony was elicited, and even if it could be held to be inadmissible, its admission in this case would not constitute harmful error.

2. The second alleged error complains of the admission of a knife into evidence. The objection made was that it was "irrelevant, immaterial, and highly prejudicial." The transcript shows that this exhibit was offered as a knife "similar" to that used by appellant at his job (meat packing employee) and "similar" to that used in the commission of the charged crimes. See *Wilson v. State,* 215 Ga. 782 (113 SE2d 447). This alleged error has no merit.

3. The third alleged error complains that certain rhetorical questions used by the prosecuting attorney in his closing argument amounted to "comments upon the failure of the accused to testify in his own behalf." The transcript does not bear out this asserted claim, and this enumeration of error has no merit.

4. The fourth enumerated error asserts that the evidence is insufficient to support the convictions, and argument is made that there is insufficient evidence to corroborate the testimony of the victims.

A reading of the transcript shows that the evidence is sufficient to support the convictions, and that the evidence corroborating the testimony of the victims is more than adequate.

5. The final error complains of the charge of the court to the jury during the sentencing phase of the trial.

The part of the charge complained of is as follows: "You are

authorized to consider the facts and circumstances, if any, in extenuation, mitigation, and aggravation of punishment. However, it is not essential to your decision that you find extenuating or mitigating facts and circumstances on the one hand or facts and circumstances in aggravation on the other hand . . . Beyond prescribing the limits of punishment the law provides no standard for the guidance of the jury in the selection of a penalty, but rather commits the whole matter of determining which penalty to the good judgment and conscience and absolute discretion of the jury."

The court then charged the jury that the penalties after conviction for rape were either a life sentence or imprisonment of from one to twenty years.

We can find no fault with the charge given in this case.

*Judgments affirmed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1973 — DECIDED MARCH 7, 1974 — REHEARING DENIED MARCH 21, 1974.

*Grace W. Thomas,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, James H. Mobley, Jr., Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.