## 30027. HOLSEY v. THE STATE.

JORDAN, Justice.

The appellant was indicted and convicted on two counts of armed robbery and two counts of kidnapping. He was sentenced to a 20-year term on each count, all to run concurrently.

1. The state's motion to dismiss is without merit and is denied.

2. The appellant contends that the trial court erred in denying his motion for a continuance because (a) counsel had less than one week to prepare a defense; (b) that counsel had insufficient time to challenge the array of the grand and traverse juries; and (c) that the district

attorney did not furnish the addresses of all witnesses on the state's list of witnesses.

The transcript indicates that counsel for the appellant had been communicating with the accused for as long as one month prior to the trial although he was not finally employed until one week before the trial began. The record is clear that counsel had ample time to prepare for trial. Under the facts of this case the trial court did not abuse its discretion in denying its motion for continuance on this ground.

Likewise, the trial court did not err in denying the motion for continuance on the ground that counsel had insufficient time to challenge the grand and traverse juries. While this court has held that an objection to the composition of a grand jury made after the indictment is returned is not too late where the accused can show that he had no knowledge or reason to believe that an indictment would be returned against him (*Wooten v. State,* 224 Ga. 106 (160 SE2d 403) and *McFarlin v. State,* 121 Ga. 329 (49 SE 267)), or where the accused can show that he had no opportunity to challenge the array (*Parris v. State,* 125 Ga. 777 (54 SE 751)), we have held that where a defendant is represented by counsel at the time of his indictment the accused is clearly afforded an opportunity to exercise his right to challenge the array, and under such circumstances a failure to challenge the array before the indictment is returned constitutes a waiver of the right to object. *McHan v. State,* 232 Ga. 470 (207 SE2d 457) and *Miller v. State,* 224 Ga. 627 (163 SE2d 730). Likewise, any challenge to the composition of a panel of traverse jurors must be made when the panel is first put upon the accused, or there shall be a waiver of the right to contest its composition. *Williams v. State,* 210 Ga. 665 (82 SE2d 217) and *Derryberry v. Higdon,* 116 Ga. App. 381 (157 SE2d 559).

Code Ann. § 27-1403 requires only that the state furnish a list of the witnesses on whose testimony the charge against the accused is founded. The statute does not demand that the addresses of all such witnesses be furnished.

For the reasons stated above the trial court did not abuse its discretion in denying a motion for continuance.

3. Appellant contends that the trial court erred in

overruling his motion to be examined by a psychiatrist.

Under the decision of this court in *Taylor v. State,* 229 Ga. 536 (192 SE2d 249) and the cases cited therein the refusal to provide a psychiatric examination of the defendant was not error. There was no special plea of insanity filed in the instant case and under such circumstances the granting of the motion for a psychiatric examination is within the sound discretion of the trial court. *Taylor v. State,* supra. See *Brinks v. State,* 232 Ga. 13 (205 SE2d 247); *Coffee v. State,* 230 Ga. 123 (195 SE2d 897); and *Sullivan v. State,* 223 Ga. 643 (157 SE2d 247).

4. There is no merit in appellant's contention that the totality of the circumstances surrounding a pre-trial lineup were so impermissively suggestive as to taint the subsequent in-court identification of the appellant. Likewise, there is no merit in his contention that he should have been afforded appointed counsel at a pre-indictment lineup.

5. The trial court charged the jury as follows: "It is for the jury to determine if there was flight and if there was flight, whether such flight was due to consciousness of guilt or other reasons. If due to other reasons, no inference harmful to the defendant may be drawn by the jury." Although the jury might have found that the appellant's flight was for reasons unconnected with the crime for which he was subsequently convicted, the evidence of flight presented an issue for the jury. *Kalb v. State,* 195 Ga. 544 (25 SE2d 24). Under the circumstances shown in this record the charge was not erroneous.

6. The trial court did not err in its charge pertaining to alibi. The charge as given was substantially the same as approved by this court in *Paschal v. State,* 230 Ga. 859 (199 SE2d 803) and *Payne v. State,* 231 Ga. 755 (204 SE2d 128). See *Patterson v. State,* 233 Ga. 724 (213 SE2d 612).

7. The appellant contends that the trial court erred in failing to instruct the jury on the question of insanity though no request was made therefor. While we have frequently held that it is the duty of the trial judge, whether requested or not, to give the jury appropriate instructions on every substantial issue in the case which is raised by the evidence, we find no evidence in this record to support an inference of the insanity of the

accused. We therefore find no error in the failure of the trial judge to charge regarding the question of insanity.

8. Enumeration of error no. 6 charging that the admission into evidence of certain evidence was error is deemed abandoned inasmuch as it is not supported in the appellant's brief by argument or citation of authority. Rule 18 (c) of this court.

No error appearing for any reason assigned the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter, J., who dissents.*

SUBMITTED JUNE 11, 1975 — DECIDED SEPTEMBER 11, 1975 — REHEARING DENIED SEPTEMBER 30, 1975.

*Clayton H. Hollingsworth, Jr.,* for appellant.

*F. Larry Salmon, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Staff Assistant Attorney General,* for appellee.