## 65541. STROZIER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of armed robbery and upon the denial of his motion for new trial, he appeals. *Held:*

1. In his first enumeration of error regarding the trial court's charge on alibi, defendant's complaint is not that the court's charge was burden-shifting, which is the general complaint, but that the trial court erred in expressing an opinion implying the defendant's defense of alibi was concocted, that is, in charging "the defendant has *set up* an alibi as a defense in this case." (Emphasis supplied.) After giving a correct definition of alibi, the trial court gave a complete charge covering the principle of alibi. See OCGA § 16-3-40 (formerly Code § 38-122). See also *Paschal v. State,* 230 Ga. 859, 860 (2) (199 SE2d 803); *Payne v. State,* 231 Ga. 755 (204 SE2d 128); *Allen v. State,* 239 Ga. 391, 392 (2) (236 SE2d 825). We note that the court's charge,

as a whole, further instructed the jury that no act, language, or tone of the court should be taken as an expression of opinion by the court. We find no merit in this complaint as we do not find the use of the words "set up" to be an expression by the trial court that the defendant's defense of alibi was a concocted matter. However, any difficulty presented as to the possibility of jurors accepting the use of the words "set up" as an expression of an opinion by the trial court implying deception on the part of the defendant could be alleviated by trial courts in the future utilizing a different choice of language.

2. The remaining enumeration of error contends that the trial court erred in denying a motion for mistrial and in failing to give corrective instructions when defense counsel contended that the assistant district attorney was guilty of an impropriety in displaying on top of a table, in the presence of the jury, inadmissible documents relating to the defendant's prior criminal record which was within the viewing range of the jury. It is uncertain that any member of the jury could observe the prior criminal record, otherwise known as a "rap sheet," and the trial judge in this instance came down from the bench to the jury box for the purpose of making his own observation as to whether any such papers displayed upon the table could be observed. The trial judge then stated: "I don't believe any of those jurors could see anything. I couldn't." Whereupon, the assistant district attorney stated he would move the papers if defense counsel had any problem, but the court instructed him to do more than that, "Cover them up" or put them in a briefcase. Under the circumstances we find no impropriety or harm. The trial court did not err in denying the motion for mistrial and in failing to rebuke counsel further or to endeavor to remove any improper impression upon the minds of the jurors since it does not appear to have been any improper impression. We find no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 25, 1983.

*Earl A. Davidson, Amy Jean Griffith,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.