## 42056. BRAGGS v. THE STATE.
(333 SE2d 572)

HILL, Chief Justice.

In this murder case the defendant, Herman Braggs, was convicted by a jury of the murder and armed robbery of Glenn Hurston on November 19, 1975.[1] He was sentenced to life and twenty years consecutive, respectively, and he appeals. The defendant raises two enumerations of error: the sufficiency of the evidence, and the propriety of the trial court's charge on flight.

At about 10:30 p.m. on November 19, 1975, Steve Gant and Allen Jarvis decided to stop at the Taco Bell on Victory Drive in Columbus for something to eat. They heard 3 or 4 pops, which they thought were firecrackers, and saw a male figure with a bag under his arm run across the northwest corner of the property on which a branch of the Columbus Bank and Trust was located. They then heard a short siren blast and decided the police had been chasing someone. After eating, the pair decided to investigate the bank, and there discovered a car with the lights on, the motor running, and the passenger door open. They also noticed keys under the deposit box and, upon looking further, discovered the victim's body lying among the bushes.

The police identified the victim, Glenn Hurston, as an employee of Georgia Highway Express. Among his duties was the regular delivery of 2 bank lock bags to the CB&T night depository. One, bag number 1740, containing over $400 in cash to be deposited to the bank, was discovered under the body of the victim; the other, bag number 2058, had the day's receipts in cash and checks which were to be stored at the bank overnight, then retrieved for processing the next day. This bag, containing $455.36 cash and $470.94 in checks, was missing.

The victim died within a few minutes of being shot twice at close range. He was clutching a pistol in his right hand which had recently been fired. A Timex wristwatch without a band was found under the victim's shoulder.

About a year later, the park manager of the South Columbus Recreation Center, which is located about 3 blocks from the CB&T branch, while clearing a densely overgrown area of the park, discovered CB&T bank lock bag number 2058, which had been slit open. One dollar and some papers belonging to Georgia Highway Express

---

[1] Although the crime occurred in November 1975, Braggs was not indicted until September 27, 1983. He was convicted on February 2, 1984, and filed his motion for new trial on February 24, 1984. The trial transcript was filed March 7, 1984. Apparently unable to obtain a ruling on his motion, the defendant withdrew it on February 13, 1985, and filed his notice of appeal that same day. We consider this appeal, filed simultaneously with the withdrawal of his motion for new trial, to be timely filed. The case was docketed here on February 22, 1985, and after briefs were filed it was submitted for our decision on April 5, 1985.

were found inside. The park manager turned this bag over to the police.

Four years later, Michael Simmons was arrested in Phenix City, Alabama, on burglary charges. In an attempt to obtain some bargaining power, he told the police that in 1975 he had been a neighbor of the defendant, living in the Baker Village Apartments. These apartments are located across from the South Columbus Recreation Center. About two weeks before the robbery, the defendant told Simmons that he had observed the victim making his nightly deposits at the bank from across the street at Baker High School, where the defendant worked as a custodian. He expressed an opinion that the victim would be an easy "lick" and purchased a .38 pistol from the witness for about $40.

On the evening of November 19, 1975, Simmons and his girl friend were watching television when a person knocked at the window, identified himself as "Braggs" and said he needed help. Simmons let him in the door, and the defendant told him that he had made the "lick," but had had to shoot the man because he had pulled a gun and did not know if he was alive or dead. They then went to the defendant's apartment, where he pulled a bank lock bag out of a paper bag he had been carrying. The defendant told his wife to slit open the bag. The witness then left.

The defendant's wife also testified against him. She said that the defendant had come into their apartment with Simmons, and had a paper bag and a pistol with him. He ordered her to open the bank bag. They took out over $400 in cash and some checks which they burned in the sink. The defendant gave her $400 and then left with the bank lock bag and the gun. She said the defendant owned a Timex without a wristband similar to the one found at the scene of the murder.

On the following day the defendant went to work at Baker High School, but after work decided to leave town. He said he was called home to help with family problems, including the shooting of his sister. His wife and Simmons helped him pack his things and he went by bus to Mobile, where his family lived. He did not give any notice or collect about $100 in wages owed to him by the school. A few days later he called his wife, who, at his request, wired him $150. Later, she joined him in Mobile. After about 7 or 8 months, however, she left him and went to Detroit. She later returned to Mobile and attempted a reconciliation. When that did not work out, she returned to Columbus. There, she was questioned by the police who were attempting to verify the story given to them by Michael Simmons in 1980.

Shortly after he had given this story, however, Simmons had escaped from the Phenix City jail and was not rearrested for 2½ years. Meanwhile, the defendant was picked up for a traffic violation and

questioned by the Columbus police, but released. He then left Mobile and went to Detroit. Apparently, he was finally arrested in Houston, Texas, and indicted in September 1983.

The defendant testified on his own behalf and claimed no knowledge of the robbery and killing of the victim; he denied he owned the Timex watch, and that he had fled to Mobile. He theorized that his wife, Simmons and his girl friend, and the Baker High supervisor who said the defendant quit without giving him any notice, testified against him because his wife had threatened to get him for not going back with her.

The jury found the defendant guilty.

1. Defendant urges that his peaceful move to Mobile to be with his family two days after the crime should not be treated as flight. We find that there was sufficient evidence of flight to authorize the trial court's charge on this issue for the jury's consideration. *Holsey v. State*, 235 Ga. 270 (5) (219 SE2d 374) (1975). We find no error.

2. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This enumeration of error therefore provides no ground for reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 4, 1985.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General*, for appellee.