## 75749. WALKER v. THE STATE.
(366 SE2d 400)

SOGNIER, Judge.

Appellant was convicted of aggravated battery, and he appeals. We denied counsel's request to withdraw as counsel, and appellant now enumerates as error the admission into evidence of State Exhibit 12, a can of Drano.

1. Appellant's motion to treat the appeal as timely is granted, as the delay in filing was due to counsel's hospitalization.

2. The evidence disclosed that Oscar Bowman, the victim, went to the apartment of his estranged wife and ordered appellant, who was living in a back bedroom, to get out. Appellant went to the store and got a can of Drano, and on his return to Mrs. Bowman's apartment mixed the Drano with some honey. Appellant went in the living room where Bowman was sitting on the couch watching television and threw the mixture of Drano and honey in Bowman's face. Bowman is blind as a result of the battery. Appellant made a voluntary written statement to the police, admitting the facts stated above.

An investigator went to the store where appellant had purchased the Drano, and the investigator bought a can of Drano which was the same price appellant said he had paid for the Drano he purchased, and was identical to the Drano can found at Mrs. Bowman's apartment. The can of Drano purchased by the investigator was admitted into evidence, and appellant contends this was error. He argues that the exhibit was admitted to show that appellant knew the dangerous propensities of the substance, as shown by the description of the contents on the outside of the can. He also argues that the can of Drano introduced by the State was not related to the offense, was not found at the scene, and was not introduced to establish a fact in issue. These arguments are without merit, because it is not error to admit an item into evidence that is similar to an item used in commission of the offense. *Sinkfield v. State*, 231 Ga. 875, 876 (2) (204 SE2d 588) (1974); *Gibson v. State*, 160 Ga. App. 615, 619 (3) (287 SE2d 595) (1981). Accordingly, it was not error to admit Exhibit 12 into evidence.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Division 2 and in the judgment.*

DECIDED FEBRUARY 24, 1988.

*Douglas J. Flanagan*, for appellant.

*Sam B. Sibley, Jr.*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, for appellee.