S94A1050. BOYD v. THE STATE.
(448 SE2d 210)

Carley, Justice.

After a jury trial, appellant was found guilty of malice murder and robbery and given concurrent sentences of life imprisonment and 20 years. His motion for new trial was denied and he appeals.[1]

1. Appellant enumerates the general grounds and the denial of his motion for directed verdict as to the robbery charge. Relying on his own testimony as to his reason for fighting with the victim and on the fact that it was his co-indictee who left the crime scene with the victim's wallet, appellant contends that there is no evidence that he intended to rob or was a party to the crime of robbery.

There was extensive testimony regarding appellant's statements and his conduct, before, during and after the fight, which were indicative of his intent to take money from the victim. Thus,

> [t]he circumstances surrounding [the] murder are sufficient for a jury to find the necessary intent to steal from [the victim] before his death to convict [appellant] of . . . robbery. [Cit.] The evidence is sufficient to sustain the conviction for murder [and] . . . robbery. . . . *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Cameron v. State,* 256 Ga. 225 (1) (345 SE2d 575) (1986).

2. The victim's body was found in a motel room. Appellant's co-indictee testified that he saw appellant beat the victim in the neck and chest area with a Bible. Appellant later threw the Bible into some woods, and it was never recovered. Other testimony established that

---

[1] The crimes occurred on December 22, 1992. Appellant was indicted on February 9, 1993. The verdicts were returned and the sentences were imposed on August 21, 1993. Appellant's motion for new trial was filed on September 5, 1993 and denied on February 25, 1994. His notice of appeal was filed on March 1, 1994. The case was docketed in this court on April 7, 1994 and was submitted for decision on May 31, 1994.

the victim died of a combination of manual strangulation and a distinct blunt force trauma, the latter of which could have been caused by using a book as a weapon. Over objection, the trial court admitted into evidence a Gideon's Bible, which was identified as being identical, except for its color, to the one removed from the motel room by appellant. Appellant's co-indictee testified that the Bible was similar to the one appellant used to beat the victim. The admission into evidence of the Gideon's Bible is enumerated as error.

A weapon that was not actually used in the commission of an offense, but which is similar to that which was so used is generally admissible into evidence. *Sinkfield v. State*, 231 Ga. 875, 876 (2) (204 SE2d 588) (1974). See also *Cauley v. State*, 206 Ga. App. 233, 234 (1) (424 SE2d 822) (1992); *Walker v. State*, 186 Ga. App. 61, 62 (2) (366 SE2d 400) (1988); *Fields v. State*, 167 Ga. App. 816, 817 (2) (307 SE2d 712) (1983).

> "Where an article is introduced as a standard of comparison, preliminary evidence showing that in essential respects it offered a trustworthy standard of comparison is sufficient to render it admissible." [Cit.]

*Mitchell v. Schofield's Sons Co.*, 16 Ga. App. 686, 688 (2) (85 SE 978) (1915).

Appellant's reliance upon *Paxton v. State*, 160 Ga. App. 19, 23 (6) (285 SE2d 741) (1981) is misplaced. The defendant in *Paxton* was charged with armed robbery during that period of time when armed robbery could not be committed with any " 'replica, article, or device having the appearance of an offensive weapon.' " Thus, proof that the defendant used a real gun was necessary in order to establish his guilt of armed robbery. Because only a toy gun was ever found in the defendant's possession, there was a dispute as to the actual existence of a real gun and as to the defendant's guilt of armed robbery. *Paxton*, supra at 23-24 (6). Under these circumstances, it was reversible error to admit a real gun into evidence, thereby impermissibly bolstering the State's case and prejudicing the defense. In the instant case, not only is proof that appellant used a Bible non-essential to his guilt of murder, it is otherwise undisputed that, prior to the murder, there existed at the crime scene a Bible which was similar to the Bible admitted in evidence. See *Jones v. State*, 190 Ga. App. 416, 418 (2) (379 SE2d 189) (1989). Furthermore, there was evidence that the unavailability of the Bible at trial was entirely attributable to appellant. Compare *Jones*, supra at 417 (2). Accordingly, there is no reason to find that the Bible was not admissible into evidence under the general rule. Moreover, inasmuch as testimony elicited by the State clearly established that the Bible admitted into evidence was not the one

used by appellant, "there could be no prejudice such as would infect an otherwise valid verdict and judgment. [Cit.]" *Holcomb v. State,* 191 Ga. App. 379, 382 (3) (381 SE2d 594) (1989). See also *Holloway v. State,* 190 Ga. App. 528, 530 (3) (379 SE2d 542) (1989); *State v. Woods,* 637 SW2d 113, 117 (8) (Mo. App. 1982).

3. Appellant's remaining enumerations have been considered and are without merit.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

