## A94A2639. STILES v. THE STATE.
### (454 SE2d 189)

SMITH, Judge.

John Wesley Stiles, Jr., was convicted of armed robbery, OCGA § 16-8-41. His motion for new trial was denied, and he appeals.

1. Stiles enumerates the general grounds. Construed in favor of the verdict, the evidence shows that the victim was approached by a man who spoke with him in a well-lighted area. The man stood next to him while he used the telephone, then held a machine gun on him, struck him in the head, and took his wallet and pickup truck. The encounter lasted approximately 20 minutes. The victim immediately telephoned the police and gave a detailed description of the robber, including his height, weight, haircut, facial hair and clothing. Clothing similar to that described by the victim was recovered at Stiles' home, and the victim identified the clothing at trial as that worn by the robber. The victim's car was recovered near Stiles' home. The victim "immediately without a moment's hesitation" positively identified Stiles as the robber in a six-person photo line-up. He also identified Stiles at trial. Viewed in the light most favorable to the verdict, there was ample evidence presented from which a rational trier of fact could reasonably find that Stiles was guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Stiles also enumerates as error the State's use, for demonstrative purposes, of a machine gun similar to that described by the victim. Before any demonstration took place, the victim gave a detailed description of the small machine gun used in the robbery, including its size, its color, and the length of its ammunition clip, and testified that the machine gun produced by the State was similar to that used in the robbery. Defense counsel then noticed the machine gun lying behind the prosecutor's chair and asked for a conference outside the presence of the jury. In the bench conference, the trial judge denied Stiles' motion for mistrial, then gave curative instructions as requested by defense counsel. The trial court instructed the jury that no gun was recovered, that the demonstration weapon was not the one used in the offense, "if any was used," and that the weapon was

used only for demonstrative purposes. The victim then used the machine gun to demonstrate for the jury the robber's actions at the time of the robbery.

"A weapon that was not actually used in the commission of an offense, but which is similar to that which was so used is generally admissible into evidence. [Cits.]" *Boyd v. State*, 264 Ga. 490, 491 (2) (448 SE2d 210) (1994). "Where, as here, the victim of a crime identifies a weapon as similar to that used in the commission of the crime, the weapon is admissible whether or not it is the identical weapon. [Cits.]" *Duvall v. State*, 238 Ga. 325, 326 (232 SE2d 918) (1977). This court has held it must be "undisputed" that a similar weapon was used. *Cauley v. State*, 206 Ga. App. 233, 234 (1) (424 SE2d 822) (1992). The evidence was undisputed that a small machine gun similar to that presented was used in the robbery. See also *Ingram v. State*, 211 Ga. App. 821, 822 (3) (441 SE2d 74) (1994). Compare *Jones v. State*, 190 Ga. App. 416, 417 (2) (379 SE2d 189) (1989), in which the victim was unable to identify the weapon used, although she believed it was either a knife or a nail file, and a police officer testified that he had recovered a similar knife from the accused. That knife was unavailable because it had been lost by the police. 190 Ga. App. at 417-418.

Moreover, because the testimony and the instructions of the trial court clearly established that the weapon was admitted for demonstrative purposes only and was not the one used by Stiles, " 'there could be no prejudice such as would infect an otherwise valid verdict and judgment. (Cit.)' [Cits.]" *Boyd*, supra, 264 Ga. at 492.

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1995.

*Melissa M. Nelson*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Lee Anne Mangone, Robert M. Coker, Assistant District Attorneys*, for appellee.

