## A01A2151. WALLACE v. THE STATE.
(558 SE2d 773)

RUFFIN, Judge.

Thomas Wallace was charged with four counts of statutory rape and one count of child molestation. The jury found Wallace guilty of child molestation, but was unable to reach a verdict on the remaining counts, and the trial court declared a mistrial as to those charges. On appeal, Wallace argues that the trial court erred in failing to direct a verdict on all counts and in admitting his custodial statement into evidence. Wallace also asserts that he received ineffective assistance of counsel. Wallace's assertions lack merit, and we affirm.

1. In two enumerations of error, Wallace asserts that the trial court erred in failing to direct a verdict on the child molestation count and the statutory rape charges. In reviewing the denial of a motion for directed verdict, the standard is the same as that for reviewing the sufficiency of the evidence, in which

> we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.[1]

So viewed, the evidence shows that on August 22, 1996, Detective Tovey of the Columbus Police Department was dispatched to a doctor's office to interview a pregnant 13-year-old girl. Dr. Melton Strozier, a psychologist, also interviewed the girl. According to Dr. Strozier, the girl told him that Wallace, who was her step-grandfather, began molesting her in 1995. Initially, Wallace would come into the victim's bedroom at night, get in bed with her, and touch her breasts and pubic area. Wallace subsequently began to take her hand, place it on his penis, and have her masturbate him.

---

[1] (Punctuation omitted.) *Lewis v. State*, 247 Ga. App. 808, 809 (1) (545 SE2d 381) (2001).

On later occasions, Wallace asked the victim to perform oral sex, but she refused. Eventually, the molestation escalated to include intercourse, which, according to the victim, resulted in her pregnancy. When the victim was asked if she had ever had sexual intercourse with anyone else, she responded negatively.

Wallace was arrested on charges of child molestation. Tovey took Wallace to the police station, went over his *Miranda* rights with him, and asked him to sign a waiver of those rights, which he did. Tovey then took a statement from Wallace, who denied molesting the victim. According to Tovey, she believed that Wallace might respond better to a male interviewer, and she asked Lieutenant Randy Hart to question the suspect. Tovey left the interview room and went into an observation room. A few moments later, Hart entered the room to interview Wallace. During the interview, Wallace stated that on one occasion he went into the victim's room to turn off her television and she reached out and fondled his penis before pulling him on top of her in the bed.

During the trial, the victim testified that on multiple occasions, Wallace entered her bedroom during the night and "touched" her. The victim also testified that Wallace "tried to stick his penis in [her]," but was unsuccessful. When questioned further about her understanding of intercourse, the victim acknowledged that her step-grandfather's penis had touched her vagina.

(a) Wallace contends that the trial court erred in failing to direct a verdict on the child molestation charge. According to Wallace, the State failed to introduce any evidence "as to when the molestation occurred." We disagree.

The indictment charged Wallace with the offense of child molestation "between April-July, 1996." As a general rule, "[w]here the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations."[2] Here, the date was not stated as a material element of the offense charged, and the State was not required to prove the crime occurred on a date certain.[3] Tovey testified that, when she interviewed the victim on August 22, 1996, the victim stated that the molestation began the year before, which would have been 1995, and continued through the spring or summer of 1996. Thus, the trial court was not required to direct a verdict on this count as there was sufficient evidence that the offense took place within the applicable statute of limitation.[4]

---

[2] (Punctuation omitted.) *Price v. State*, 223 Ga. App. 185, 187 (4) (477 SE2d 353) (1996).

[3] See *Gentry v. State*, 235 Ga. App. 328, 329 (3) (508 SE2d 671) (1998).

[4] See *Roberson v. State*, 214 Ga. App. 208, 209 (1) (b) (447 SE2d 640) (1994); OCGA § 17-3-1 (c).

(b) Wallace also argues that the trial court erred in failing to direct a verdict on the statutory rape charges because there was insufficient evidence of penetration.[5] Although penetration is an essential element of the crime of rape, it may be slight.[6] Moreover, such penetration "may be proved by indirect or circumstantial evidence."[7]

In this case, the victim equivocated on the stand regarding whether or not Wallace succeeded in his attempts to commit statutory rape. We nonetheless find the evidence sufficient. Both the investigating officer and psychologist testified that, during their first interview of the victim, she acknowledged that Wallace had had intercourse with her. Additionally, the evidence shows that the victim was pregnant and she denied sexual relations with anyone else, which constitute compelling circumstantial evidence of penetration. It follows that the trial court did not err in failing to direct a verdict on this count.[8]

2. Wallace asserts that the trial court erred in denying his motion to suppress the statement he gave to police. Wallace maintains that the statement should have been suppressed because Hart failed to remind him of his *Miranda* rights prior to interviewing him.

Contrary to Wallace's contention, Hart was not required to remind him of his rights. It is true that, once a defendant has been informed of his *Miranda* rights, he should be reminded of those rights "prior to each subsequent interrogation."[9] If, however, one investigating officer is replaced by another with no significant lapse in time, it is not considered a "subsequent interrogation," but a continuation of the original interrogation.[10] And, under these circumstances, the first explanation of *Miranda* rights is sufficient.[11]

3. Wallace contends that he received ineffective assistance of counsel based upon his trial attorney's failure to file a demurrer to the indictment, which Wallace claims was imperfect. Wallace's claim

---

[5] Although the jury was unable to reach a verdict on the statutory rape charges, Wallace is subject to be retried on these charges. See *State v. Archie*, 230 Ga. App. 253, 254 (495 SE2d 581) (1998) (where a jury is unable to agree on a verdict in a criminal case, the trial court may declare a mistrial and the accused may then be retried for the same offense).

[6] See *Payne v. State*, 231 Ga. 755 (1) (204 SE2d 128) (1974).

[7] Id.

[8] See *Robbins v. State*, 243 Ga. App. 21, 22 (1) (532 SE2d 127) (2000); *Spruell v. State*, 237 Ga. App. 448, 449 (1) (514 SE2d 896) (1999).

[9] *Anglin v. State*, 244 Ga. 1, 3 (2) (257 SE2d 513) (1979), overruled in part on other grounds, *Welch v. State*, 254 Ga. 603, 606 (2) (331 SE2d 573) (1985).

[10] See *Williams v. State*, 244 Ga. 485, 488 (4) (b) (260 SE2d 879) (1979); *Heard v. State*, 165 Ga. App. 252 (1) (300 SE2d 213) (1983) (physical precedent only); see also *McSears v. State*, 226 Ga. App. 90, 92 (2) (485 SE2d 589) (1997) (where single officer interrogates suspect regarding multiple, unrelated crimes, there is no need to readvise suspect of rights).

[11] See *Heard*, supra.

fails. It is well settled that, to establish a claim of ineffective assistance, a defendant must demonstrate both that his attorney's performance was deficient and that such deficiency prejudiced his defense.[12] Pretermitting whether Wallace is able to demonstrate deficiency, he is unable to establish prejudice.

A defendant is entitled to be tried on an indictment that is perfect in form.[13] And, if an indictment is imperfect, a defendant may file a special demurrer challenging the form of the indictment.[14] If no special demurrer is filed, any error in the indictment's form is waived.[15] If the demurrer is granted, the trial court quashes the indictment. However, the quashing of an indictment merely bars trial on the flawed indictment; it does not bar the State from reindicting the defendant.[16] Thus, even if Wallace's attorney had filed a demurrer, it would not have prevented the State from reindicting and trying Wallace. And Wallace does not argue that the imperfect indictment prejudiced his defense in any way. Under these circumstances, Wallace has failed to show that he was prejudiced by his attorney's failure to file such demurrer.

4. In his final enumeration of error, Wallace challenges the sufficiency of the evidence. For the reasons stated in Division 1, this challenge is also meritless.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 10, 2002.

*John R. Mobley II*, for appellant.
*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney*, for appellee.

---

[12] See *Joiner v. State*, 245 Ga. App. 415 (537 SE2d 792) (2000); *Watson v. State*, 243 Ga. App. 636, 637 (534 SE2d 93) (2000); *Deal v. State*, 241 Ga. App. 879, 881-882 (3) (528 SE2d 289) (2000).

[13] See *Dennard v. State*, 243 Ga. App. 868, 870 (534 SE2d 182) (2000).

[14] See *Moore v. State*, 246 Ga. App. 163, 165 (3) (539 SE2d 851) (2000). A defendant also may file a general demurrer, which challenges the very validity of the indictment and may be raised at any time. Here, Wallace does not contend that the indictment was invalid, and, indeed, this is not the case.

[15] See id.; see also *Parks v. State*, 246 Ga. App. 888 (1) (543 SE2d 39) (2000).

[16] See *State v. Gamblin*, 251 Ga. App. 283, 284 (1) (553 SE2d 866) (2001) (trial court's quashing of indictment does not preclude the State from reindicting the defendant).