# Court of Appeals
# of the State of Georgia

ATLANTA,  April 19, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1116. ROBERTO BAEZ v. THE STATE.**

In February 2007, Roberto Baez was convicted of armed robbery, for which he was sentenced to life imprisonment. This Court affirmed Baez's conviction on appeal. See *Baez v. State*, 297 Ga. App. 893 (678 SE2d 583) (2009). Since that time Baez has been a frequent flier in the trial court and this Court, and his post-conviction challenges to his conviction have been dismissed or denied by the trial court and on appeal in this Court. See Case Nos. A07D0390, A08D0453, A09D0423, A10D0160, A11D0290, A12D0062, A14D0096, A16D0205, A16D0261, A16D0292, A17D0092.[1] In November 2020, Baez filed a "Motion to Reinstate Challenge of Sentence as Inappropriate, Excessive, and Unreasonable," in which he again sought to challenge his conviction. The trial court dismissed the motion, and Baez filed this direct appeal.

A post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial or dismissal of such a motion must be dismissed. See *Williams v. State*, 287 Ga. 192, 192 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

In addition, once, as here, the statutory period in OCGA § 17-10-1 (f) has expired, a trial court may only modify a void sentence. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). And a direct appeal may lie from an order denying

---

[1] Along with being a frequent filer in this Court, Baez has been a frequent filer in the Georgia Supreme Court as well. See, e.g., Case Nos. S05H1796, S07C1902, S08H0030, S09D1991, S10D1002, S11C1255, S12H1581, S14C0469.

a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Here, Baez's motion did not allege that his sentence exceeds the maximum allowed by law, and thus has not raised a valid void-sentence argument.

Accordingly, Baez's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,   04/19/2021*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*