# Court of Appeals
# of the State of Georgia

ATLANTA,  June 10, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1043. ROBERTO BAEZ v. THE STATE.

Roberto Baez was convicted of armed robbery in 2007 and sentenced to life imprisonment. This Court affirmed his conviction on appeal. See *Baez v. State*, 297 Ga. App. 893 (678 SE2d 583) (2009). In 2020, Baez filed an appeal from the dismissal of his motion challenging his sentence and conviction. See Case No. A21A1116. We dismissed that appeal on April 19, 2021.[1]

On December 15, 2021, Baez filed a "Motion to Dismiss," contending that his conviction is void and should be vacated. The trial court dismissed the motion the same day. Baez thereafter filed a 19-page pleading titled "Motion to Set Aside Motion to Dismiss or Alternatively Treated as a Notice of Appeal," in which he challenged the order dismissing his motion to dismiss and argued inter alia that his conviction was illegal. The trial court denied the motion to set aside. On February 4, 2022, Baez filed a notice of appeal from that order. We lack jurisdiction for several reasons.

First, Baez's motion to dismiss was not an appropriate remedy in his criminal case. Pleadings, motions, and orders must be construed according to their substance and function and not merely as to their nomenclature. *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997); accord *State v. Hasson*, 334 Ga. App. 1,

---

[1] Baez has filed numerous other post-conviction challenges in this Court, each of which was dismissed or denied. See Case Nos. A07D0390, A08D0453, A09D0423, A10D0160, A11D0290,  A12D0062, A14D0096, A16D0205, A16D0261, A16D0292, A17D0092 and A21A1116.

3 (1) (778 SE2d 15) (2015). Although styled as a motion to dismiss, Baez's motion was, in substance, one to vacate his conviction as void. As we instructed Baez in Case No. A21A1116 (dismissed Apr. 19, 2021), "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Thus, any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).

Second, even if Baez's motion to dismiss had been appropriate, it was untimely inasmuch as no notice of appeal was filed within 30 days of the ruling on the motion to dismiss. See OCGA § 5-6-38. Baez's filing of the motion to set aside, which was in substance a motion for reconsideration, did not extend the time in which to appeal the prior order; and the ruling on a motion for reconsideration was not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). And, as the trial court noted, Baez's motion to set aside was not to be "treated as a notice of appeal" because it did not satisfy the requirements of OCGA § 5-6-37.

Finally, "when a judgment of conviction is affirmed by an appellate court, no ordinary second appeal will be allowed." *Grant v. State*, 159 Ga. App. 2, 3 (282 SE2d 668) (1981) (citations omitted). Baez's conviction was affirmed on direct appeal, and this appeal does not come within any exception to the general rule. See id.; see also *Brown v. State*, 296 Ga. App. 224 (674 SE2d 91) (2009).

Consequently, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__06/10/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*