## 65588. STONE v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of forgery in the first degree, theft by taking, and theft by deception. The evidence presented at trial showed that appellant had taken, without permission, a stereo owned by Debbie Waddell and, using pieces of identification owned by J. W. Hamby, sold the stereo to Dennis Wright, a pawnshop owner.

1. In his first enumeration of error, appellant contends that the double jeopardy clauses of the United States and Georgia Constitutions were violated when he was indicted, tried, and sentenced for theft by deception and theft by taking. Such questions of double jeopardy in Georgia must be determined under the expanded statutory proscriptions found in OCGA §§ 16-1-6; 16-1-7; and 16-1-8 (Code Ann. §§ 26-505; 26-506; 26-507), which place limitations upon multiple prosecutions, convictions, and punishments for the same criminal conduct. *State v. Estevez,* 232 Ga. 316 (1) (206 SE2d 475). Contrary to appellant's assertions, however, his actions did not emcompass one transaction. According to the evidence adduced at trial, he stole the stereo from one victim (thereby

committing theft by taking) and procured $40 for the stereo from another victim by selling it without disclosing a substantial and valid known adverse claim. OCGA § 16-8-3 (b)(4) (Code Ann. § 26-1803). Appellant's constitutional and statutory rights against double jeopardy were not infringed upon by the prosecutions and subsequent convictions for both theft by deception and theft by taking.

2. Appellant also sees error in the trial court's admission of testimony concerning a portion of appellant's statement to a law enforcement official. After a Jackson-Denno hearing was conducted, a police officer testified that appellant had told him that he had purchased the stereo from Ms. Waddell and "would not mind pleading guilty to this if it were a misdemeanor [b]ut that he would not plead guilty to any felony." Appellant claims that the objectionable testimony concerned a conditional plea of guilty or an offer to plead guilty, neither of which is admissible at trial. See OCGA § 17-7-93 (b) (Code Ann. § 27-1404). We conclude, as did the trial court, that appellant's remark was a voluntary statement made subsequent to his receipt of the Miranda warnings, and was not a response to an offer instituted by law enforcement officers. Testimony about the remark was therefore admissible.

3. Lastly, appellant challenges the sufficiency of the evidence presented against him insofar as his conviction for forgery in the first degree is concerned. After a review of the transcript, we must agree with appellant's assertion.

"A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing." OCGA § 16-9-1 (Code Ann. § 26-1701).

Appellant was accused of forging the signature of J. W. Hamby on a purchase receipt issued by the pawnshop. While Hamby testified that the signature was not his and had not been authorized by him, there was no evidence that appellant had signed the receipt. In fact, the pawnshop owner twice stated that the document in question was in his handwriting. Furthermore, there was no evidence that appellant uttered or delivered the allegedly forged writing. In as much as the latter is an essential element of forgery in the first degree (see *Reeves v. State,* 139 Ga. App. 214 (1) (228 SE2d 201)), appellant's conviction for that crime is not supported by sufficient evidence and cannot stand. Id.

*Judgment affirmed in part and reversed in part. McMurray,*

*P. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1983.

*Philip C. Smith,* for appellant.
*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney,* for appellee.