## A92A0802. CANNON v. THE STATE.
(424 SE2d 331)

ANDREWS, Judge.

Cannon, convicted of unlawful possession of ten pounds of marijuana with intent to distribute, appeals, contending that the admission of "a plastic bag containing the alleged controlled substance" was error because there was no reliable chain of custody proven.

The charges resulted from an undercover buy made by officers at a motel. Viewed in favor of the verdict, the evidence was that, after an informant arranged the introduction, two officers met with co-defendant Stewart at one location in a motel complex and were led by him to Room 131. Co-defendants Hunt and Godina were sitting on a car in front of the room and defendant Cannon was standing off to the side.

After being frisked, the officers and the defendants, including Cannon, entered the motel room. Godina then told defendant Cannon to "go get it." He and Hunt left the room and returned with defendant Cannon carrying a large garbage bag and Hunt a box containing

scales. Officer Voltker identified State's Exhibit 2, a large brown garbage bag, as the "bag that . . . Cannon did bring into the room and it's a bag with individually wrapped ziplocked bags of marijuana. And it has my initials on it with the case number on it."

The enumeration here contends that, because the local police evidence custodian read from a report that the brown garbage bag contained a green garbage bag which contained the smaller bags containing the marijuana, and the green bag was not produced nor its absence explained, there has been a fatal break in the chain of custody. This contention is without merit.

"The only burden on the state is to show with reasonable certainty that the evidence examined is the same as that seized and that there has been no tampering or substitution. [Cits.] The state met this burden, and it was not error to admit the exhibits. Any confusion about the exhibits goes to its weight, not its admissibility, as the Georgia rule is that if the admissibility of evidence is doubtful, it should be admitted and its weight and effect should be left to the jury. [Cit.]" *Phillips v. State*, 167 Ga. App. 260, 263 (2) (305 SE2d 918) (1983). See *Cunningham v. State*, 255 Ga. 35, 38 (5) (334 SE2d 656) (1985), citing *Rucker v. State*, 250 Ga. 371, 373 (1) (297 SE2d 481) (1982), and *Patterson v. State*, 224 Ga. 197, 199 (2) (160 SE2d 815) (1968).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 28, 1992.

*Wynn, Pelham & Associates, Nelson H. Turner*, for appellant.
*Thomas C. Lawler III, District Attorney, R. Keith Miles, Assistant District Attorney*, for appellee.