## A92A1480. CAULEY v. THE STATE.

(424 SE2d 822)

SOGNIER, Chief Judge.

Corey Cauley was convicted of aggravated assault with a deadly weapon, and he appeals.

Evidence was adduced at trial showing that shortly after appellant's co-defendant, Corey Damon Floyd, returned to the apartment he shared with appellant and informed appellant and others present about a fight he had had with the victim, appellant and Floyd got in separate cars and, accompanied by several friends, drove around Scottdale. They found the victim with three friends in a car stopped on the side of the road. The drivers of the vehicles containing appellant and Floyd parked at either end of the victim's car, blocking it. When the victim and his friends exited their car, they were approached by Floyd, who was carrying a broken beer bottle, and another man with a .357 pistol. The victim testified that a person he identified as appellant approached him from behind carrying a shotgun. The victim's friends were ordered to get on the ground, but one testified he saw appellant carrying a pump shotgun. The victim testified that he glimpsed the barrel of the shotgun and heard a distinctive sound before appellant pressed the weapon to his leg and fired.

Appellant testified that he joined the others in their search for the victim intending only to make sure that the victim's friends did not interfere with the fight Floyd planned to have with the victim. There was a shotgun in the car in which he was a passenger. Appellant testified that when they arrived at the scene, he saw the victim leave his car while the victim's friends remained inside and backed their car several times into the car in which appellant was a passenger. After the fourth contact between the cars, appellant got out after picking up the shotgun out of "reflex" and "self preservation." Appellant denied knowing that the shotgun was loaded and denied chambering a round into the shotgun. Appellant stated that he was holding the shotgun when the impact of the other car's ramming action knocked him into the car door and the shotgun fired, hitting the victim.

1. Appellant contends that prejudicial error requiring reversal was committed when the trial court allowed the State to display to the jury a shotgun similar to the weapon used during the crime. It is uncontroverted that the shotgun did not belong to appellant and was not the actual weapon used in the assault. The prosecutor used the shotgun to demonstrate both the appearance of a pump gauge shotgun and the distinctive sound such a gun makes when a round is chambered. The victim identified the barrel of the State's exhibit as similar to that of the shotgun used by appellant and testified that the sound made by the exhibit was the same distinctive sound he heard

just before appellant shot him. Appellant testified that the exhibit "look[ed] the same" as the shotgun he had and that there were no significant differences between the weapons.

We find no error. " 'Where, as here, the victim of a crime identifies a weapon as similar to that used in the commission of the crime, the weapon is admissible whether or not it is the identical weapon. (Cits.)' [Cit.] 'It was undisputed that [appellant] used a [pump shotgun] and whether the one [displayed to the jury] was the one actually used or was only similar to the [shotgun] used by [appellant] makes no material difference. (Cit.)' [Cits.]" *Fields v. State*, 167 Ga. App. 816, 817 (2) (307 SE2d 712) (1983). Accord *Gunn v. State*, 245 Ga. 359, 362 (4) (264 SE2d 862) (1980) (no error in admitting similar weapon as substitute at trial where accused admits similarity).

2. We find no error in the trial court's refusal to give appellant's requested charge on reckless conduct. A person is guilty of reckless conduct when he causes bodily harm to or endangers the bodily safety of another person "by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." OCGA § 16-5-60 (b). Although reckless conduct is as a matter of law a lesser included offense of aggravated assault with a deadly weapon based upon allegations that the victim was actually shot, *Bowers v. State*, 177 Ga. App. 36, 37-39 (1) (338 SE2d 457) (1985), a trial court is not obligated to give a charge on a lesser included offense where the evidence does not reasonably raise the issue as a matter of fact. See *Alvarado v. State*, 194 Ga. App. 781, 782 (391 SE2d 668) (1990).

Appellant denied knowing that the shotgun was loaded and capable of harming anyone and disavowed having any intent to discharge the shotgun in any fashion. Appellant instead asserted that the firing of the weapon was an accident caused by events beyond his control. Even if the jury disbelieved appellant's testimony that he was unaware the weapon was loaded and ready to fire, there was no evidence from which the jury could have concluded that appellant was guilty of reckless conduct by firing the weapon in conscious disregard of a substantial risk. Rather, the evidence presented only two reasonable possibilities: either that the shotgun discharged accidentally, as appellant asserted, or that appellant committed aggravated assault with a deadly weapon by intentionally firing the shotgun at the victim. Compare *Bowers*, supra (accused admitted deliberately firing gun but denied knowledge of victim's presence; jury authorized to disbelieve accused's claim of lack of knowledge and conclude accused guilty of reckless conduct by firing weapon with victim in vicinity). Accordingly, the trial court did not err by refusing to give appellant's re-

quested charge. See generally *Wyley v. State*, 169 Ga. App. 106, 109 (2) (311 SE2d 530) (1983).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 30, 1992 —
RECONSIDERATION DENIED NOVEMBER 10, 1992.

John H. Tarpley, for appellant.
Robert E. Wilson, District Attorney, Barbara B. Conroy, Gregory J. Giornelli, Stacy Y. Cole, Assistant District Attorneys, for appellee.