A94A1141. TOLBERT v. THE STATE.
A94A1142. PHILLIPS v. THE STATE.
(449 SE2d 671)

SMITH, Judge.
Robert Tolbert, Jr. and Demetrius A. Phillips were jointly indicted and tried on four counts of aggravated assault with a deadly weapon. Each was convicted on one count and acquitted on the other three. Each filed a motion for new trial, and each such motion was denied. Their appeals will be considered together.

1. In Phillips's sole enumeration of error, he contends the trial court erred in refusing to give his requested charge on reckless con-

duct. The aggravated assault for which Phillips and Tolbert were convicted resulted in the shooting of the assault victim. Under such circumstances, reckless conduct is considered a lesser included offense of aggravated assault. *Cauley v. State*, 206 Ga. App. 233, 234 (2) (424 SE2d 822) (1992). However, "a trial court is not obligated to give a charge on a lesser included offense where the evidence does not reasonably raise the issue as a matter of fact. [Cit.]" Id.

Phillips's position at trial was that he was not even at the scene of the crime at the time the shooting occurred, and even if he was in fact there, he was not the person who shot the victim. Phillips contends the actions for which he was directly implicated under the evidence amount only to reckless conduct, not aggravated assault.

It is not Phillips's culpability for other offenses amounting to reckless conduct that is at issue here, but rather his culpability for the crime committed on the shooting victim. It is irrelevant whether Phillips actually shot the victim himself so long as he can be said to have been a party to the offense beyond a reasonable doubt. See generally OCGA § 16-2-21. Accepting for the sake of argument that Phillips did not personally shoot the victim himself, it follows that he was either a party to an aggravated assault committed by another or he bears no responsibility *at all* for that crime.[1] Under such circumstances, the trial court did not err in refusing to give Phillips's requested charge. *Cauley*, supra.

2. Tolbert contends the trial court erred in allowing a police officer to testify regarding a statement made by Tolbert with respect to plea negotiations.

During the course of the trial, a *Jackson-Denno* hearing was held outside the presence of the jury regarding an oral statement made by Tolbert to a police officer. The officer testified that the Thursday before trial he ran into Tolbert in front of a package store, and Tolbert asked him for a pen so that he might "get a phone number from a young lady." The officer observed that it "looks like we are going to court on this little shooting incident that happened up on Stanton Road on Monday." He then asked: "Did they offer you anything?" According to the officer, Tolbert replied: "Well, they offered me ten, but I don't want to do ten . . . I'd do two, but I won't do ten. . . ."

The court, without any prompting from defense counsel, then inquired as to the relevance of the statement. The State responded that it "was pursuant to and about this case." Tolbert's counsel argued that it was an interrogation made outside his presence despite the

---

[1] Phillips does not contend that the shooting itself may have been the product of mere reckless conduct.

fact that the officer knew Tolbert was represented by counsel. Counsel also argued that "negotiation of any criminal case is not admissible in front of the jury."

Relying on *Daniels v. State*, 192 Ga. App. 446, 447 (2) (385 SE2d 107) (1989), the State offered that Tolbert's statement tended to show his consciousness of guilt. The court rejected this argument, observing that a defendant "can take a plea without being guilty. And I'm sure people do it many times." Based on the court's initial ruling, it would appear that the evidence was deemed to be without any relevance whatsoever. However, all discussion with respect to the *relevance* of the evidence was initiated by the court itself, not by Tolbert or his counsel.

After the close of evidence and charge conference but before closing arguments, the State made a motion to reopen the evidence specifically for the purpose of introducing the statement now at issue. See *Traylor v. State*, 163 Ga. App. 473, 474 (2) (294 SE2d 707) (1982). The State pointed out that OCGA § 24-3-37, barring the use of certain admissions, including those made with a view toward compromise, is not applicable to criminal cases. *Moore v. State*, 230 Ga. 839, 840 (1) (199 SE2d 243) (1973); *Williams v. State*, 178 Ga. App. 216, 217 (1) (342 SE2d 703) (1986).

The State also relied heavily on the case of *Stone v. State*, 166 Ga. App. 245, 246 (2) (304 SE2d 94) (1983). *Stone* involved a statement very similar to the one now at issue. The defendant in that case argued that the testimony should have been ruled inadmissible specifically because it concerned a conditional guilty plea or an offer to plead guilty. See OCGA § 17-7-93 (b). *Stone* held only that the otherwise voluntary statement in question was admissible in the face of the defendant's objection premised upon OCGA § 17-7-93.

Tolbert's counsel then attempted to distinguish *Stone* by challenging the voluntariness of the statement, but was unsuccessful. The court reiterated that it did not appear that the statement tended to show consciousness of guilt on Tolbert's part, but observed that such a statement "doesn't have the cloak of nonadmissibility based on it being an offer of compromise." The court interpreted the cases presented by the State, especially *Stone*, supra, to hold that a statement such as the one ascribed to Tolbert is in fact "an admission." To this interpretation Tolbert's counsel responded: "Exactly, Your Honor, subsequent to being Mirandized." The discussion continued, and Tolbert's counsel ultimately conceded that *Miranda* warnings need be given only when the defendant is in custody. Upon that concession the trial court ruled that the evidence would be reopened, and the officer was then allowed to testify on the statement in question without further objection.

On appeal, Tolbert contends he was denied the opportunity to

have available to him Tolbert's entire statement to the officer; that the statement wrongly put Tolbert's general character at issue; and generally, that the testimony was inherently harmful. None of these objections was made at trial, and therefore they have not been preserved for appellate review.

Tolbert likewise failed to press for and preserve an objection based on the ground relied on by the trial court in its *original* ruling (that the statement does not show consciousness of guilt) and does not argue this position on appeal. However, in light of the discussion that transpired at trial, we emphasize that neither in *Stone*, supra, nor in any other case cited to us has this court specifically held that an expression of willingness to accept a particular plea is considered an "admission" or that it shows consciousness of guilt. We are not called upon to decide whether the trial court's unwavering opinion that the statement did not in fact show consciousness of guilt (and therefore should not be used for that purpose) was in fact correct; it suffices to observe that our holding in *Stone* is not necessarily contrary to that conclusion.

3. Tolbert's remaining enumerations are without merit.

*Judgments affirmed. McMurray, P. J., concurs. Pope, C. J., concurs specially.*

Pope, Chief Judge, concurring specially.

With respect to Division 2, I fully concur with the affirmance of Tolbert's conviction on the grounds that the arguments he raises on appeal were not raised below.

I write separately in an attempt to clarify the current state of the law on the admissibility of a defendant's statement about what kind of plea bargain he might have accepted. It seems to be an open question whether such statements should be categorically admitted or excluded, and it is thus within the trial court's discretion to admit or exclude such a statement on a case-by-case basis. *Stone v. State*, 166 Ga. App. 245, 246 (2) (304 SE2d 94) (1983) holds only that such statements do not have to be excluded under OCGA § 17-7-93 (b) (defendant's withdrawn plea of guilty is not admissible against him). The Georgia Supreme Court has gone beyond the limits of this statute in holding that evidence regarding pleas and possible pleas should be excluded if irrelevant, however. See *Davis v. State*, 255 Ga. 598 (24) (340 SE2d 869) (1986). In my opinion, a defendant's statement about a possible plea should usually be excluded because it will usually be legally irrelevant (i.e., any marginal probative value it may have is substantially outweighed by its prejudicial character), and because a contrary norm could chill a defendant's willingness to consider a plea. And in cases where the statement is admitted, the defendant should be allowed (as he was here) to explore the question of why a defend-

ant might consider pleading guilty even if he were not guilty.

DECIDED NOVEMBER 2, 1994.

*Neville T. Francis,* for Tolbert.
*Rickey L. Richardson,* for Phillips.
*Lewis R. Slaton, District Attorney, Donald P. Geary, Rebecca A. Keel, Assistant District Attorneys,* for State.