## A94A2336. PRESTON v. THE STATE.
(453 SE2d 759)

RUFFIN, Judge.

Terris M. Preston appeals from his conviction of armed robbery, aggravated assault, burglary, and two counts of possession of a firearm during the commission of a crime.

1. In his first enumeration of error, Preston contends the trial court erred by admitting into evidence a white and black baseball cap seized from his home. At trial, Preston objected to the admission of the cap into evidence, arguing that the chain of custody had been broken when the cap was removed from the evidence room by an officer during the investigation. The cap was originally seized during the execution of a search warrant of Preston's home, then taken to the police department evidence room where it was turned over to the evidence custodian. Although the evidence custodian stated that the cap was in her custody and control until she brought it to court, an investigating officer testified he had taken it out of the evidence room and to the hospital for identification by the victim, and then returned it to the evidence room. At trial, the officers identified the cap as the one seized from the bedroom of Preston's home. Preston argues that since the cap is virtually indistinguishable from any number of millions of caps that look like it, the break in the chain of custody should have prevented it from being admitted into evidence.

"[I]tems of evidence which are distinct and recognizable physical objects, such that they can be identified by the sense of observation . . . are admissible in evidence without the necessity for showing a chain of custody. In addition, where there is evidence that the perpetrator of a robbery wore certain clothing . . . similar items belonging to or found in the possession of the defendant are properly admitted for the jury to consider. Thus, it really makes no material difference whether the hat . . . [was] the identical [one] worn by the appellant; the identification of the hat . . . was sufficient to authorize the jury in deciding whether or not [this was the cap worn by Preston]." (Cita-

tions and punctuation omitted.) *Harper v. State*, 251 Ga. 183, 185 (1) (304 SE2d 693) (1983). Furthermore, even if a chain of custody showing had been necessary, the record shows that the state sufficiently established a chain of custody for the cap. *Brown v. State*, 195 Ga. App. 389 (393 SE2d 514) (1990). In this regard, " '[t]he only burden on the state is to show with reasonable certainty that the evidence examined is the same as that seized and that there has been no tampering or substitution. (Cits.) The state met this burden, and it was not error to admit the [cap].' " *Cannon v. State*, 206 Ga. App. 20, 21 (424 SE2d 331) (1992).

2. Although Preston admits he is guilty of the burglary, he challenges the sufficiency of the evidence to support the convictions of the other crimes. " 'On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence.' . . . [Cit.]" *Denson v. State*, 212 Ga. App. 883, 885 (4) (443 SE2d 300) (1994). Viewed in this light, the evidence shows that Preston, wearing a white and black baseball cap, entered a liquor store with a gun, approached the counter and told the clerk "this is a stickup." The clerk testified that another individual then entered the store, went behind the counter, opened the cash register and took out the money. Following Preston's directions, the clerk then got down on the floor where Preston shot her in the face. When the clerk identified Preston at trial, she testified there was no doubt in her mind he was the individual with the gun. Two days after the robbery and burglary, while being questioned by an investigating officer, Preston signed a written statement confessing to taking part in both crimes. At trial, Preston denied any involvement in the armed robbery or the aggravated assault. Despite this denial, the evidence was sufficient for the jury to conclude beyond a reasonable doubt that Preston was a party thereto and guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 26, 1995.

*Langdale, Vallotton & Linaham, Charles A. Wetherington, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney,* for appellee.