A95A1308. McCLERN v. THE STATE.
(463 SE2d 49)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty on two counts of aggravated assault and one count of burglary. This appeal followed the entry of judgment of conviction and sentence. *Held*:

1. Defendant challenges the sufficiency of the evidence, arguing that the victims' eyewitness testimony was insufficient to authorize his conviction for the crimes charged. This enumeration is without merit.

Both victims identified defendant as one of three men who entered their home and committed acts which constitute the crimes for which defendant was convicted. Further, the arresting law enforcement officer testified that defendant fled when he approached defendant a short time after commission of the crimes charged. This evidence was sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of being a party to two counts of aggravated assault and one count of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Preston v. State*, 216 Ga. App. 152, 153 (2) (453 SE2d 759).

2. Defendant contends the trial court erred in failing to give the following request to charge: "Mere association by one, with other persons involved in the commission of a crime, without more, will *not*, of itself, authorize a jury to find such person guilty of consent in, or con-

currence in, the commission of the crime; *unless*, the evidence shows, beyond a reasonable doubt, that such person aided and abetted in the actual perpetration of the crime, or participated in the criminal endeavor."

Defendant testified in his own defense at trial, explaining that he was not involved or even present during commission of the crimes charged. In fact, defendant testified that he did not know he was identified as one of the victims' assailants until after his apprehension and arrest. These circumstances demonstrate that defendant's defense was either deliberate deceit by the victims or misidentification.

"[W]hen a requested charge deals with a matter not in issue, it is not error for a trial court to deny the request. *Anderson v. State*, 163 Ga. App. 603, 604 (4) (295 SE2d 564) (1982)." *Jones v. State*, 171 Ga. App. 184, 187-188 (6) (a) (319 SE2d 18). In the case sub judice, the defense of guilt by association was not an issue at trial. Consequently, the trial court did not err in refusing to give defendant's written request to charge on this subject. See *Tolbert v. State*, 215 Ga. App. 113 (1) (449 SE2d 671).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED OCTOBER 12, 1995.

*Austin A. Hammond*, for appellant.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney*, for appellee.