A97A1259. CARTER v. THE STATE.
(492 SE2d 259)

Judge Harold R. Banke.

Damien Carter was convicted of five counts of aggravated assault. In his sole enumeration of error, he challenges the trial court's refusal to instruct the jury on reckless conduct.

This case arose as the shooting victim and four of his friends stood in his yard. *Price v. State,* 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). After driving past the victim's home several times, Carter slammed on the brakes, got out of his car, approached

the group and asked, "Why are y'all keep sweating me?[1] Why you keep looking at me?" Carter then reached in his pants and pulled out a nine millimeter automatic pistol. Both Carter and his passenger, who exited Carter's car shortly thereafter, opened fire, returned to the car, and drove away. The victim was wounded in the leg, but his four friends were physically unharmed. Carter was charged with aggravated assault on all five men. *Held*:

The trial court properly declined to charge the jury on reckless conduct. "Reckless conduct is an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another." *Lindsey v. State*, 262 Ga. 665, 666 (2) (b) (424 SE2d 616) (1993); OCGA § 16-5-60 (b); *Riley v. State*, 181 Ga. App. 667, 670 (3) (353 SE2d 598) (1987). Although reckless conduct is a lesser included offense of aggravated assault with a deadly weapon as a matter of law when the victim is actually shot, trial courts need not charge on this lesser included offense absent a factual predicate which reasonably raises it. *Cauley v. State*, 206 Ga. App. 233, 234 (2) (424 SE2d 822) (1992).

Here, Carter denied having a gun or firing a shot. He maintained that his passenger and one of the men standing in the victim's yard exchanged shots. Even if the jury rejected Carter's testimony, there was no evidence from which it could conclude that Carter fired the weapon in conscious disregard of a substantial risk in violation of OCGA § 16-5-60 (b). Rather, the evidence presented only two possibilities: either Carter was unarmed and never fired a shot or he committed aggravated assault by walking toward the men and deliberately opening fire. Absent a factual foundation for the reckless conduct instruction, the trial court properly rejected that request to charge. *Cauley*, 206 Ga. App. at 234 (2); compare *Bowers v. State*, 177 Ga. App. 36, 38 (2) (338 SE2d 457) (1985) (failure to give reckless conduct charge required reversal where defendant admitted firing gun intentionally but denied knowledge of victim's presence).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 5, 1997.

*Neil A. Smith*, for appellant.
*Lydia J. Sartain, District Attorney, James V. Branch, Assistant District Attorney*, for appellee.

---

[1] One of the witnesses defined "sweating" as "looking at" an individual. To Carter, the term meant mean looks, or picking on someone.