A98A1056. HY v. THE STATE.
(501 SE2d 583)

JOHNSON, Judge.

A jury found Bunchoeurn Hy guilty of sixty counts of aggravated

assault and one count of possession of a firearm during the commission of a crime. Hy appeals. We affirm.

Viewed in the light most favorable to support the jury's verdict, the evidence shows that someone notified police that a possible gun fight was taking place at a nearby pool hall. When the officer arrived at the pool hall, he found shell casings on the pavement, bullet holes in the glass, and several injured people.

Just before the shooting, two witnesses were standing outside the pool hall and saw a blue pickup truck and a white/tan car with an Iowa license plate drive up in front of the pool hall. The witnesses saw the vehicles drive around in circles and then come back. One of the witnesses saw that the passenger in the pickup truck wore a mask and recognized the truck as belonging to Hy. The other witness testified she became concerned when she saw the vehicles because earlier that evening she heard that Hy was going to shoot them. Gunshots rang out, and four people were shot. One of the witnesses saw the passenger of the pickup truck leave the vehicle and start shooting.

Thirty-four victims testified and identified twenty-six other people that were present; thus, there was evidence that sixty people were present in the pool hall at the time of the shooting. Numerous bullet fragments, copper jackets and shell casings were recovered from the scene and sent to the state crime lab for analysis.

The night after the shooting, the police set up a road check during which they observed a Nissan Sentra with Iowa license plates. One of the officers recalled the lookout the previous evening concerning a small car with Iowa license plates being involved in the shooting. The vehicle was stopped at the road check, and its occupants were removed from the vehicle for officer safety. The occupants included Pouthone Kanthachack, Linda Vang, Brent Small, Samnang Nay, and Samson Mer. As one of the occupants was removed from the vehicle, officers observed a Smith & Wesson .38 caliber revolver lying on the floorboard of the car. This weapon was loaded.

The vehicle was impounded and held at the police department on the belief that it was the vehicle used the previous evening in the shooting and because none of the occupants could provide proof of ownership. After one of the occupants told police that another gun was hidden in the vehicle, police obtained a search warrant for the vehicle. They located a Glock .40 caliber semi-automatic pistol under the gearshift cover. Both guns were sent to the state crime lab for analysis. Testing at the crime lab revealed that several bullets and shell casings recovered at the pool hall matched the .40 caliber Glock, and one bullet recovered from the pool hall matched the Smith & Wesson .38 caliber revolver.

Testimony at trial revealed that on the night of the shooting,

Samnang Nay was in the blue pickup truck with Hy and Vutha Keo. They had met John Chan, Samson Mer, and Pouthone Kanthachack, who were in a light-colored Nissan Sentra. According to Hy's witnesses, when they pulled up in front of the pool hall, two men got out of the Nissan Sentra and began shooting. At trial, Nay testified that Hy did not have a gun and she did not know what Hy did during the shooting. Keo testified that Hy ducked during the shooting. However, the evidence at trial showed both Nay and Keo gave statements to the police that Hy had a gun and fired it during the shooting.

1. In his first enumeration of error, Hy contends the trial court erred in refusing to give his requested jury charge on the lesser included offense of reckless conduct. We disagree.

" 'Reckless conduct is an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another.' [Cits.]" *Carter v. State*, 228 Ga. App. 403, 404 (492 SE2d 259) (1997); OCGA § 16-5-60 (b). In the present case, as in *Carter*, Hy denied having a gun or firing a shot. Even if the jury rejected Hy's testimony, there was no competent evidence from which it could conclude that Hy fired the weapon negligently in conscious disregard of a substantial risk in violation of OCGA § 16-5-60 (b).

Keo's prior statement to the police that Hy "opened fire, I don't know, he shot up in the air, *I guess*" from the vehicle's window and her trial testimony that she *believed* Hy *may have* fired his gun once and she *believed* he fired the gun into the air since he fired out of the window without opening the door of the vehicle are too ambiguous and equivocal to show that Hy fired the gun into the air. The evidence presented only two possibilities: either Hy was unarmed and never fired a shot or he committed aggravated assault by leaning out the vehicle's window and intentionally firing the gun toward the victims. "Absent a factual foundation for the reckless conduct instruction, the trial court properly rejected that request to charge. [Cits.]" *Carter*, supra at 404; *Martin v. State*, 268 Ga. 682, 685 (7) (492 SE2d 225) (1997).

2. The trial court did not err in refusing to charge the jury on simple assault. While simple assault may be a lesser included offense of aggravated assault as a matter of law, this does not mean that the trial court must charge the jury on the lesser crime in every case. *Prayor v. State*, 217 Ga. App. 56, 58 (3) (456 SE2d 664) (1995); *Dickerson v. State*, 207 Ga. App. 241 (1) (427 SE2d 591) (1993). Where the undisputed evidence shows that the assault was committed with a deadly weapon, it is not error to refuse to give a charge on simple assault as a lesser included offense. Id.

In the present case, there was no evidence that Hy attempted to commit an injury that did not involve a gun. This enumeration lacks merit.

3. In his final enumeration of error, Hy contends the trial court erred in refusing to give his requested jury charges on mere presence at the scene of a crime and mere association. We note that the trial court did charge the jury on mere presence at the scene of a crime, an instruction taken from the suggested pattern jury instructions. It is not necessary that the jury be charged the exact language requested where the same principles are covered in the trial court's general charge. *Jones v. State*, 225 Ga. App. 673, 676 (3) (484 SE2d 702) (1997). Moreover, since the trial court instructed the jury that the state must prove every element of the offenses charged beyond a reasonable doubt, and the mere association principle is just a corollary of this requirement, this argument is without merit. See *Roberts v. State*, 223 Ga. App. 167, 168 (4) (477 SE2d 345) (1996); *Lamunyon v. State*, 218 Ga. App. 782, 784 (3) (463 SE2d 365) (1995).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED APRIL 14, 1998.

*Lloyd J. Matthews*, for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.